IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Timothy Ray Eley, Jr., )
    Petitioner, )
 )
v. ) 1:13cv399 (LMB/TRJ)
 )
Harold Clarke, )
    Respondent. )

MEMORANDUM OPINION

Timothy Ray Eley, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for the City of Portsmouth, Virginia for aggravated malicious wounding. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and has filed a reply. For the reasons that follow, petitioner's claims will be dismissed.

I. Background

On November 20, 2008, a jury convicted Timothy Ray Eley, Jr. of aggravated malicious wounding. At his trial the victim, Claudine Jordan, testified that on the night of the incident she drove petitioner and a colleague home after work. Trial tr. at 50-51. After dropping off the colleague, Jordan drove petitioner to his aunt's house, a location she had not been to before and was directed to by petitioner. Id. 52-53. Jordan testified that on their arrival petitioner cut her and beat her as they were sitting in her car. Id. 53-54. Jordan than testified that she got out of the car but that petitioner followed and cut her, hit her, and repeatedly stabbed her in her head after she tried to call 911. Id. 56-57. Immediately after the attack, Jordan identified petitioner as her

assailant to Zana McCallan, an eye witness, id. at 106, and Officer Chris Smith, id. at 111. Jordan testified that petitioner was wearing dark clothes. Id. at 85. McCallan corroborated this evidence with her own testimony that she observed that the assailant was wearing dark clothing. Id. at 104. The Commonwealth also introduced photographs showing Jordan's injuries immediately after the attack. Petitioner testified in his own defense and denied attacking Jordan. Id. at 152. He also submitted letters that were allegedly written by Jordan that included exculpatory evidence. Jordan denied writing the letters. Id. at 85. One of the letter's signatures misspelled her name. Id. at 193. A handwriting expert who testified for the Commonwealth concluded that Jordan did not write the letters. Id. at 194.

The court sentenced petitioner to twenty years incarceration on September 10, 2009. Eley pursued a direct appeal to the Court of Appeals of Virginia claiming insufficient evidence to support his conviction and three errors by the trial court: allowing a handwriting analysis expert to testify for the Commonwealth, admitting graphic photographs of the victim's injuries, and admitting hearsay statements regarding the identity of the assailant. The Court of Appeals denied the petition for appeal on October 27, 2010. Eley v. Commonwealth, R. No. 1095-10-1 (Va. Ct. App. Oct. 27, 2010). On April 4, 2011, the Supreme Court of Virginia refused Eley's petition for appeal. Eley, Jr. v. Commonwealth, R. No. 10-2225 (Va. Apr. 4, 2011).

Eley then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia claiming ineffective assistance of counsel. The court dismissed the petition on October 22, 2012. Eley v. Dir., Dep't Corr., Case No. 120618. On March 15, 2013, Eley timely filed the instant federal habeas petition raising the following claims.

> 1. Ineffective Assistance of Counsel
> (A) Counsel was ineffective for failing to subpoena witnesses petitioner requested to be present at trial.

> (B) Counsel was ineffective for failing to adequately investigate witness Johnnie Brooks's statements.
>
> (C) Counsel was ineffective for failing to adequately cross-examine Ms. Zanada McCallen or object to her testimony.
>
> 2. Prosecutorial Misconduct
> Brady v. Maryland was violated when the Commonwealth failed to disclose that a witness, Zanda McCallen, failed to identify petitioner at a show-up identification.

Based on the pleadings and record before this Court, it is uncontested that Eley exhausted all of his claims as required under 28 U.S.C. § 2254.

## II. Procedural Bar

Petitioner's prosecutorial misconduct claim is procedurally barred from review on the merits. Eley raised this claim for the first time in his petition for a state writ of habeas corpus. The Supreme Court of Virginia found that it was procedurally barred because "these non-jurisdictional issues could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for a writ of habeas corpus." Eley v. Dir., Dep't Corr., Case No. 120618 at 7 (Va. Oct. 22, 2013) (citing Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975)).

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst, 501 U.S. at 802-03; Harris, 489 U.S. at 259. Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in

3

Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his response to respondent's Motion to Dismiss, petitioner argues that the cases the Supreme Court of Virginia and respondent rely on are not applicable to him. Pet'r's Resp. Mot. Dismiss at 15 ("Nothing in Parrigan. Speak to the question of withheld evidence or discovery violation or due process violation." [sic]). He goes on to argue that "the Commonwealth should not be allowed to hide behind the ineffectiveness of trial counsel." Id. at 16. This bare, conclusory statement does not make out a showing of cause and prejudice. See Strickland v. Washington, 466 U.S. 668, 669 (1984). As such, Eley has failed to demonstrate cause for his procedural default of his prosecutorial misconduct claim and this claim is procedurally barred from federal consideration.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412–13 (2000).

A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998).

### IV. Analysis

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland, 466 U.S. at 687. To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness," id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also Burket v. Angelone, 208

F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998). The Virginia Supreme Court found that Claims 1(A)–(C) fail to satisfy either the performance or prejudice prong of the two-part test enunciated in Strickland.

A. Claim 1(A) Ineffective Assistance of Counsel

Petitioner alleges that he was denied the effective assistance of counsel when counsel failed to subpoena all the witnesses that he requested for trial. Mem. Supp. Pet. 5, ECF No. 2. Specifically, petitioner complains that counsel failed to call a records custodian from the Portsmouth Redevelopment & Housing Authority, which required that a person sign in "upon

entering and exiting petitioner grandmother's gated security building." Id. at 6. He argues he "suffered a great prejudice as a result of trial counsel deficient performance in failing to call or contact the custodian of the evidence." Id. at 7. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that:

> The Court holds that claim (1) fails to satisfy the "prejudice" prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript demonstrates that Tawanna Price testified she rode home in a vehicle with petitioner and the victim on the morning of the attack. She stated they left work at "like 3:30" a.m. and petitioner and the victim dropped her off at her home 15 minutes later. Officer Smith testified he responded at 4:18 a.m. to the victim after she was attacked and found the petitioner walking on the street no more than 25 minutes later. Further the sign in sheet which petitioner alleges counsel should have admitted into evidence with the testimony of the custodian shows only the times that petitioner wrote on the form to indicate when he arrived and when he left. Thus, petitioner has failed to demonstrate that there is a reasonable probability that but for counsel's errors, the result of the procceding would have been different.

Order Oct. 22, 2012 at 2, R. No. 120618. Notably, the Virginia Supreme Court examined the timing of events and recognized that the document petitioner wanted entered as an exhibit showed him signing into his grandmother's at 4:10AM and signing out at 4:50AM. Order Oct. 22, 2012 at 1, R. No. 120618. This information does not foreclose a reasonable jury believing the victim's testimony regarding the timing of the attack, and the police officer's testimony as to when he found the petitioner. As such, the Virginia Supreme Court's rejection of this claim because petitioner did not show that "but for counsel's errors, the result of the proceeding would have been different" was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts. Williams, 529 U.S. at 412–13. Therefore, this claim will be dismissed.

7

B. Claim 1(B) Ineffective Assistance of Counsel

Petitioner's claim 1(B) is brief. He alleges " [t]here was no physical evidence that place the petitioner at the crime scene during the time and the Identification of the assailant proved by Mr. Johnnie Brooks and failure to seek testimony from Mr. Brooks was ineffective assistance of counsel." Mem. Supp. Pet. 13, ECF No. 2. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that

> The Court holds that [this claim] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. Petitioner has failed to proffer an affidavit from Brooks indicating what information he would have provided had counsel conducted an interview. Further, the record, including the affidavit of counsel, indicates counsel attempted to contact Brooks but was unable to locate him. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Oct. 22, 2012 at 3, R. No. 120618. For the reasons expressed in the state court's order, its rejection of petitioner's present claim was neither contrary to clearly established federal law nor based on an unreasonable determination of the facts. Therefore this claim will be dismissed. See Williams, 529 U.S. at 412-13.

C. Claim 1(C) Ineffective Assistance of Counsel

Petitioner alleges that he was denied the effective assistance of counsel because counsel failed to adequately cross-examine Ms. Zanada or object to her testimony. Mem. Supp. Pet. 13, ECF No. 2. Specifically, petitioner alleges that "[d]uring cross examination of the Commonwealth [sic] witness Zanada McCallen Trial counsel asked her if the police had at any time asked her to identify anyone Ms. Callen stated 'yes.' This part of Ms. Callen's [sic]

statement was never turned over . . . during discovery and should have been." Id. at 13-14. Petitioner alleges that "once trial counsel discovered this information he had a duty to investigate this matter even further or at least ask for a continuance or mistrial; however, trial counsel chose to abruptly end the questioning of Ms. McCallen." Id. at 14. When the petitioner presented this claim to the Supreme Court of Virginia in his state habeas petition, it ruled that

> The Court holds that [this claim] satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in Strickland. The record, including the trial transcript, demonstrates that McCallen was never able to identify petitioner as the assailant. Petitioner fails to proffer what additional information counsel would have obtained had he conducted a further investigation into McCallen's statement. Further, the affidavit of counsel demonstrates that counsel chose as a matter of trial strategy not to conduct further cross-examination of McCallen, and issues of trial tactics are left to the discretion of counsel. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Order Oct. 22, 2012 at 6-7, R. No. 120618. The state court's rejection of Eley's claim was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. Cf. 28 U.S.C. § 2254(d). It is well established in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation . . . are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. Decisions concerning the calling of witnesses are matters of strategy left to the attorney, which ordinarily cannot constitute ineffective assistance. Jones v. Barnes, 463 U.S. 745, 808 (1983). Moreover, federal courts hold that a claim of ineffective assistance predicated on a failure to call witnesses

fails where affidavits verifying the witnesses' testimony are not provided. See Bassette v. Thompson, 915 F.2d 932, 941 (4th Cir.), cert. denied, 499 U.S. 982 (1991) (in the absence of particulars as to what an adequate investigation would have revealed or a proffer of what absent witnesses would have said, a claim of ineffective assistance based on general assertions that additional witnesses should have been called will not lie).

Here, counsel made a strategic decision not to conduct further cross examination of McCallen, and Eley offered no affidavits to demonstrate what favorable evidence or testimony the allegedly missing testimony would have produced at his trial. The Supreme Court of Virginia's denial of relief on Eley's claim that counsel was ineffective for failing to conduct further cross examination was thus both factually reasonable and in accord with controlling federal authorities. Williams, 529 U.S. at 412 - 13. Because the state court's rejection of this claim was based on a reasonable determination of the facts and was not contrary to the controlling federal law upon which it expressly relied, that result may not be disturbed here. Id. Therefore, this claim must be dismissed.

## V. Conclusion

For the above stated reasons, this petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this __1st__ day of __November__ 2013.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge